**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DAVION DILLIHUNT,                           )     NO. ED CV 12-1049-E
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )     **ORDER OF DISMISSAL**
                                            )
MICHAEL J. ASTRUE, COMMISSIONER             )
OF SOCIAL SECURITY,                         )
                                            )
                    Defendant.              )
_____)

        Plaintiff filed this social security action on July 11, 2012.
The parties consented to proceed before a United States Magistrate
Judge on August 24, 2012.  Defendant filed an Answer on November 19,
2012.

        In accordance with the "Order," filed July 13, 2012, Plaintiff's
motion for summary judgment or remand was due thirty days after the
filing of Defendant's Answer.  Defendant's Answer was filed on
November 19, 2012, but Plaintiff failed to file a motion for
summary judgment or remand within thirty days thereafter.

///

1    By Minute Order filed January 7, 2013, the Court observed that
2    Plaintiff's motion for summary judgment was overdue.  The same Order
3    required Plaintiff to file within twenty (20) days of January 7, 2013,
4    a motion for summary judgment or a declaration signed under penalty of
5    perjury attempting to show cause, if there be any, why this action
6    should not be dismissed for failure to prosecute.  The Court cautioned
7    that "[f]ailure timely to comply with this order will be deemed
8    consent to the dismissal of this action."  Nevertheless, Plaintiff
9    failed to comply with the January 7, 2013 Minute Order within the
10   allotted time.

11

12   In view of the circumstances discussed above, this action is
13   dismissed without prejudice for failure to prosecute and failure to
14   comply with the Court's orders to file a timely motion for summary
15   judgment or remand.  See Link v. Wabash, R.R., 370 U.S. 626, 629-30
16   (1952) (court has inherent power to achieve the orderly and
17   expeditious disposition of cases by dismissing actions for failure to
18   prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.),
19   cert. denied, 506 U.S. 915 (1992) (court may dismiss action for
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

failure to comply with a court order, after the court considers the appropriate factors);[1] see also Fed. R. Civ. P. 41(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 1, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1]    The Court has considered the appropriate factors recited in Ferdik v. Bonzelet and has concluded that dismissal without prejudice is appropriate.  In particular, any less drastic alternative would not be effective under the circumstances of this case.